**Gary Martin WHITTAKER**

v.

**Walter WINNER, et al.**

**No. CIV. JFM–02–2442.**

United States District Court,
D. Maryland.

March 21, 2003.

Cheryl M. Brower, Law Office of Cheryl M. Brower, John E. Harris, Sr., Catonsville, MD, for Plaintiff.

## MEMORANDUM

MOTZ, District Judge.

This action arises out of injuries that one of the plaintiffs, Gary Martin Whittaker, suffered while on a chartered fishing trip in the Gulf Stream off the coast of North Carolina. Plaintiffs are citizens of Maryland. There are various defendants who are alleged to be citizens of Florida, North Carolina, and Pennsylvania.

After plaintiffs effected service on two of the defendants, Walter Winner and The Skeets Winner Corporation, and defendants failed to respond to the complaint, plaintiffs filed a motion for default judgment. Upon reviewing the allegations in the complaint, this court noted that there were no allegations to support the assertion of personal jurisdiction over any of the defendants in Maryland. Accordingly, the court wrote to plaintiffs' counsel, stating that the complaint "does not appear to contain any allegations that would establish that defendants are subject to personal jurisdiction in Maryland."

Two months later plaintiffs responded to this court's letter by filing a motion to transfer this action "to the United States District Court for the District of North Carolina."[1] The only fact supported in the motion is that since the time of the filing of the complaint, plaintiffs have determined that Winner and The Skeets Winner Corporation "are residing and/or doing business" in Wilmington, North Carolina.

---

1. Plaintiffs brought their motion under 28 U.S.C. § 1404(a). It may be that the motion should have been brought under 28 U.S.C. § 1406. In any event, the same "interest of justice" standard applies.

Plaintiffs' motion to transfer will be denied. A transfer is not required where plaintiff's counsel "committed an obvious error in filing the . . . actions in the wrong court." *Wilkinson v. J.D. Searle & Co.,* 991 F.2d 1195, 1201 (4th Cir.1993). Here, none of the allegations in the complaint suggest that any of the defendants are subject to personal jurisdiction in Maryland, and, in response to this court's inquiry, plaintiffs have not come forward with any facts to substantiate such jurisdiction.

I note that this case is distinguishable from *Wilkinson* and cases cited in *Wilkinson* in that defendants have not yet incurred any expenses in defending against the action. It is, however, entirely unseemly for a plaintiff to file an action in a federal court clearly without personal jurisdiction over the defendants and then seek to utilize the provisions of 28 U.S.C. §§ 1404(a) and 1406 to have the federal courts do plaintiffs' work for them and transfer the action to the appropriate federal court. It would be particularly against the interest of justice to transfer this action in light of the fact that not only did plaintiffs file the action in a clearly inappropriate forum but also sought to obtain a default judgment against some of the defendants here.

Accordingly, plaintiffs' motion to transfer is denied and this case is dismissed *sua sponte* for lack of personal jurisdiction.

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 21st day of March 2003

ORDERED

1. Plaintiff's motion to transfer is denied; and

2. This action is dismissed for lack of personal jurisdiction over the defendants.